CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 25, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DIAIRION MARQUI DAVIS,** | ) | |
| **Petitioner,** | ) | **Case No. 7:25-cv-00442** |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **JOSEPH W. WALTERS,**[1] | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

Diairion Marqui Davis, a Virginia inmate proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges the validity of Davis's 2019 conviction in the Circuit Court of the City of Danville. The respondent has filed a motion to dismiss to which Davis has responded, making the matter ripe for disposition. After reviewing the record, the court concludes that the respondent's motion must be granted.

## I.    Background

On April 25, 2019, Davis pleaded guilty to second degree murder, use of a firearm in the commission of a felony, and possession of a firearm by a violent felon in violation of Virginia Code §§ 18.2-32, 18.2-53.1, and 18.2-308.2, respectively. Davis was convicted of these offenses upon his guilty pleas, and on June 27, 2019, the trial court sentenced Davis to an above-guidelines sentence of 48 years of incarceration with 15 years suspended. Davis did not file a direct appeal in the Court of Appeals of Virginia nor in the Supreme Court of Virginia.

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who has custody" of the petitioner. That officer is Joseph W. Walters, the current Director of the Virginia Department of Corrections. Thus, Walters is the proper respondent, and the Clerk shall update the docket accordingly.

On May 13, 2020, Davis filed a state habeas petition in the Supreme Court of Virginia, raising the following claims:[2]

> (1) Petitioner was denied the effective assistance of counsel. Petitioner was led to believe that if he entered a plea of guilty, the trial court would sentence him in accordance with the sentencing guidelines. However, to petitioner's dismay, the trial court sentenced him in excess of the maximum of the sentencing guidelines.
>
> (2) The trial court abused its discretion, i.e., violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution, for exceeding the maximum sentencing guidelines.
>
> (3) Petitioner was denied his constitutionally protected right to the imposition of his sentence by an impartial jury of his peers due to the deficient performance of his counsel.
>
> (4) Petitioner's counsel, the Commonwealth's Attorney, and the trial court used the sentencing guidelines to "dupe" petitioner into agreeing to be sentenced by the trial court instead of a jury, which denied the petitioner his right to be sentenced by a jury of his peers.

ECF No. 7-2, at 13–16. The Supreme Court of Virginia denied this petition without an evidentiary hearing on April 22, 2021. In so doing, that court determined that Davis's first claim was belied by representations he made during his rearraignment. ECF No. 7-4, at 1. That court also determined that Davis's second claim was not cognizable in a state habeas corpus petition, that his third claim was also belied by representations he made during his rearraignment, and that his fourth claim was barred because it could have been, but was not, raised on direct appeal. Id., at 1–2. Davis did not petition to set aside the dismissal of his state habeas petition nor did he seek review of its dismissal in the United States Supreme Court.

---

[2] The court largely restates the claims as Davis wrote them but has slightly edited them for clarity.

2

On June 29, 2025, Davis executed the instant petition for habeas corpus relief under

28 U.S.C. § 2254. Davis asserts the following claims in federal court:[3]

> (1) The trial court abused its discretion in sentencing the petitioner in excess of the sentencing guidelines. The court's sentence further violated petitioner's due process and equal protection rights under the United States Constitution.

> (2) I asked for a second mental health evaluation and he [(i.e., Davis's attorney)] said that I couldn't get one when [in] other cases people have had [two] evaluations and had mental health problems like me.

> (3) A 9-1-1 call recording shows that certain people removed items from the victim such as the gun I stated [the victim] had.

Pet., ECF No. 1, at 5–8. To the extent the instant petition is untimely, Davis argues that the

untimeliness should be excused due to his discovery of "new evidence of procedural

misconduct" and ineffective assistance of counsel. Id., at 13.

## II.    Discussion
### A.  Statute of Limitations

Respondent first argues that Davis's petition is untimely. Br. Supp. Mot. to Dismiss,

ECF No. 7, at 3–6. Under 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to

federal habeas petitions filed by state prisoners. The period of limitation runs from the latest of

the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] The court again largely restates the claims as Davis wrote them but has slightly edited them for clarity.

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under subsection (A), the one-year period began to run from the date on which Davis's judgment of conviction became final. "For petitioners who pursue direct review all the way to [the United States Supreme Court], the judgment becomes final at the 'conclusion of direct review'—when [that] Court affirms a conviction on the merits or denies a petition for certiorari." Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (quoting 28 U.S.C. § 2244(d)(1)(A)). For all other petitioners, like Davis, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." Id. (quoting § 2244(d)(1)(A)). Davis was sentenced by the trial court on June 27, 2019, and he did not appeal his conviction or sentence to the Court of Appeals of Virginia nor to the Supreme Court of Virginia. Consequently, his conviction became final 30 days later, on July 29, 2019,[4] when his time to petition for a direct appeal in the Court of Appeals of Virginia expired. See Va. Sup. Ct. R. 5A:6 (requiring an appellant to note his appeal within 30 days after entry of final judgment). Although the one-year period of limitation was tolled during the time in which the state habeas proceedings were "pending," 28 U.S.C. § 2244(d)(2), the Supreme Court of Virginia denied Davis's state habeas petition on

---

[4] Because the 30-day period expired on July 27, 2019, which fell on a Saturday, Davis's deadline to file a petition for direct review in the Court of Appeals of Virginia extended to the following Monday. See Va. Code § 1-210.

April 22, 2021. Because Davis did not execute the instant petition until June 29, 2025, more than four years later, the petition is clearly untimely under § 2244(d)(1)(A).

Davis does not allege that any unconstitutional state action prevented him from filing a habeas corpus petition. Nor does he seek relief based on a newly recognized constitutional right. Accordingly, subsections (B) and (C) of § 2244(d)(1) do not apply. However, Davis does claim that he recently discovered "new evidence of procedural misconduct," Pet., ECF No. 1, at 13, which presumably implicates subsection (D). Although Davis never expressly states as much, the court understands this "newly discovered evidence" to be the 9-1-1 call recording which forms the basis of his third claim for relief. In an exhibit filed separately from his petition, Davis claims that his wife "can attest to" this new evidence. ECF No. 3.

Regardless, Davis has not shown that subsection (D) should apply. "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." Thomas v. Johnson, Civil Action No. 3:09-cv-7, 2009 WL 3055323, at *4 (E.D. Va. Sept. 23, 2009) (quoting DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006)). Davis does not provide any explanation as to when he discovered the allegedly new evidence or any diligent efforts he undertook to find it. He has therefore failed to meet his burden of showing that subsection (D) should apply, and his petition is statutorily untimely.

As noted above, Davis also argues that any untimely filing of the petition should be excused due to alleged "ineffective assistance of counsel." Pet., ECF No. 1, at 13. Although Davis is not clear on this point, his petition could be read as attempting to invoke the equitable exception established in Martinez v. Ryan, 566 U.S. 1 (2012). In that case, the Supreme Court recognized a narrow exception for defaulted claims of ineffective assistance of trial

counsel in a state, such as Virginia, where a prisoner is not allowed to raise an ineffective assistance of counsel claim on direct appeal. See Shinn v. Ramirez, 596 U.S. 366, 380 (2022) (quoting Martinez, 566 U.S. at 9). Specifically, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Martinez, 566 U.S. at 17. But if Davis relies on Martinez to excuse the untimeliness of the petition, such reliance is misplaced. The Court has emphasized that "Martinez was unusually explicit about the narrowness of [its] decision" and that the decision "foreclosed any extension of its holding beyond the narrow exception to procedural default at issue in that case." Shinn, 596 U.S. at 387 (internal quotation marks omitted). Consistent with this understanding, courts have uniformly held that Martinez "has no applicability to the statutory limitations period" set forth in 28 U.S.C. § 2244(d). Moody v. Lumpkin, 70 F.4th 884, 892 (5th Cir. 2023) (joining five other circuits holding that Martinez is inapplicable to the limitations period); see also Gray v. Dir. of DOC, No. 7:23-cv-00776, 2024 WL 4235159, at *4 n.7 (W.D. Va. Sept. 19, 2024) ("Procedural default considerations available in some circumstances under Martinez v. Ryan, 566 U.S. 1 (2012) cannot help excuse Gray's untimely filing, because Martinez has no applicability to cases barred by the federal statute of limitations under 28 U.S.C. § 2244(d).") (citing Couch v. Woodson, No. 3:13-cv-00146, 2013 WL 5933543, at *2 (E.D. Va. Nov. 5, 2013) (collecting cases)).

Liberally construed, Davis's filings could be read to argue that he is entitled to equitable tolling of the limitations period based on his pro se status and general ignorance of the law.

6

For example, in his response, Davis claims that his state habeas "petition was dismissed because [he] did not respond because [he] do[es] not know what [he is] doing." Response, ECF No. 13, at 1. But this does not entitle Davis to any equitable tolling. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

For these reasons, Davis's claims are time-barred.

## B. Exhaustion and Procedural Default

Respondent also argues that Davis's claims are procedurally defaulted. Br. Supp. Mot. to Dismiss, ECF No. 7, at 6–8. A state prisoner must exhaust his remedies in state court before seeking habeas corpus relief in federal court. 28 U.S.C. § 2254(b)(1)(A). A federal court "may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). Further, the petitioner must present to the state court the same operative facts and the same controlling legal principles that he seeks to present to the federal court. Kasi v. Angelone, 300 F.3d 487, 501–02 (4th Cir. 2002). Failure to do so "deprive[s] the state court of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). A petitioner must also present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state court "a meaningful opportunity to consider allegations of legal error[.]" Vasquez v. Hillery, 474 U.S. 254, 257 (1986). A state prisoner does not fairly present a claim for exhaustion purposes when the claim is raised in "a procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351 (1989).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288; see Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (describing the procedural default doctrine as a "distinct but related limit on the scope of federal habeas review"). Simultaneous exhaustion and procedural default occurs "when a habeas petitioner fails to exhaust available state remedies and 'the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Breard, 134 F.3d at 619 (quoting Coleman, 501 U.S. at 722). In that case, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." Baker, 220 F.3d at 288.

In his first claim, Davis asserts that the trial court abused its discretion and violated his federal due process and equal protection rights by sentencing him above the sentencing guidelines. Davis raised a substantially identical claim for relief in his state habeas petition. ECF No. 7-2, at 13. The Supreme Court of Virginia held that the claim was non-cognizable in a state habeas petition under Virginia Code § 19.2-298.01 which "governs the use of discretionary sentencing guidelines," ECF No. 7-4, at 2, and provides, in pertinent part, that

> [t]he failure to follow any or all of the provisions of this section
> or the failure to follow any or all of the provisions in this section
> in the prescribed manner shall not be reviewable on appeal or the
> basis of any other post-conviction relief.

Id. (quoting Va. Code. § 19.2-298.01(F)). The rule set forth in § 19.2-298.01(F) is an adequate and independent state law ground for dismissal. Turnstall v. Powell, No. Civ.A. 01-572-AM,

8

2002 WL 32605747, at *2 (E.D. Va. Mar. 12, 2002), aff'd, 37 F. App'x 667 (4th Cir. 2002) (per curiam).  For these reasons, Davis's first claim is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

Consideration of Davis's second and third claims requires a different analysis. In his second claim, Davis alleges that his attorney misadvised him about the availability of a second competency evaluation. Pet., ECF No. 1, at 7. In his third claim, Davis asserts that a 9-1-1 call recording shows that certain individuals removed items from the victim including "the gun [Davis] stated [the victim] had." Id. at 8. Davis did not present these claims in his state habeas petition. ECF No. 7-2, at 13–16.

Regardless, these claims are properly treated as exhausted and defaulted as they would be procedurally barred under Virginia law. See Baker, 220 F.3d at 288. Virginia Code § 8.01-654 provides, in pertinent part, that

> [a] habeas corpus petition attacking a criminal conviction or sentence shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code § 8.01-654(A)(2). "In the Fourth Circuit, it is well-established that Virginia Code § 8.01-654(A)(2) constitutes an adequate and independent state-law procedural rule." AlBritton v. Dotson, Civil Action No. 7:25-cv-00207, 2026 WL 592396, at *2 (W.D. Va. Mar. 3, 2026) (quoting Baker v. Clarke, 95 F. Supp. 3d 913, 917 (E.D. Va. 2015)). As noted above, Davis's conviction became final on July 29, 2019, and he did not file a direct appeal. Therefore, any new petition would be untimely under § 8.01-654(A)(2).

"[F]ederal courts may excuse procedural default only if a prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law[.]"

9

Shinn, 596 U.S. at 379 (internal quotation marks omitted). This "ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim." Linnon v. Clarke, 232 F. Supp. 3d 850, 857 (E.D. Va. 2017) (citing Coleman, 501 U.S. 753-54). Upon review of his filings, Davis does not allege that the second or third circumstances noted above are present in this case, nor are they apparent from the record. However, Davis has argued that any untimely filing of the petition should be excused due to alleged "ineffective assistance of counsel," Pet., ECF No. 1, at 13, which the court previously read as possibly invoking the equitable exception established in Martinez.

Regardless, Davis cannot overcome the procedural default of his claims through Martinez. As an initial matter, the Supreme Court has made clear that the "narrow exception" recognized in Martinez "applies only to claims of ineffective assistance of counsel at trial" and does not extend to other types of claims. Davila v. Davis, 582 U.S. 521, 530 (2017) (internal quotation marks omitted). Thus, the exception does not apply to the defaulted allegations of trial court error asserted in Davis's first claim or the defaulted evidentiary challenge raised in his third claim. See, e.g., Teats v. Genovese, No. 22-5365, 2022 WL 22317601, at *5 (6th Cir. Nov. 4, 2022) ("Martinez applies only to claims of ineffective assistance of trial counsel and not to other claims, such as those pertaining to prosecutorial misconduct and Brady violations."); Garrett v. Sec'y, Fla. Dep't of Corr., No. 22-10510, 2022 WL 4596434, at *1 (11th Cir. May 2, 2022) ("Garrett's reliance on Martinez . . . to overcome the procedural default is misplaced because Ground 1 raised an issue of trial court error, and not an issue of ineffective assistance of counsel.").

Additionally, "to invoke Martinez, and obtain federal habeas review of a claim defaulted in state court, [a petitioner] 'must demonstrate that state habeas counsel was ineffective or absent, and that the underlying [ineffective assistance of counsel] claim is substantial.'" Sigmon v. Stirling, 956 F.3d 183, 198 (4th Cir. 2020). A claim is substantial if it has "some merit, a standard that the Martinez court likened to one that governs the issuance of [certificates of appealability] under 28 U.S.C. § 2253(c)(2)." Owens v. Stirling, 967 F.3d 396, 423 (4th Cir. 2020).

Whether an ineffective assistance of counsel claim is substantial under Martinez is assessed under the test articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Sigmon, 956 F.3d at 199. Under Strickland, a petitioner must show that his counsel's performance was deficient and that he was prejudiced by his counsel's deficient performance. Strickland, 466 U.S. at 687. A counsel's performance is deficient if it "fell below an objective standard of reasonableness." Id. at 687-88. Counsel's deficient performance is prejudicial if there is a "reasonable probability that, but for counsel's unprofessional errors, the judicial outcome would have been different." Id. at 694.

In his second claim, Davis asserts that his trial counsel was ineffective by misadvising him about the availability of a second competency evaluation. Pet., ECF No. 1, at 7. But Davis does not identify any defects with his first competency evaluation or note why a second one would have been warranted. Thus, the court has no basis to determine that Davis's counsel was deficient in not seeking a second evaluation or that this prejudiced Davis. Consequently, the court cannot determine that Davis's ineffective assistance of counsel claim is substantial. See United States v. Worley, No.1:05-cr-00076, 2008 WL 4850586, at *3 (W.D. Va. Nov. 7, 2008) ("Because Worley does not support her claims with facts as required, I cannot find that

11

she has stated any claim of ineffective assistance of counsel under Strickland."); see also United States v. Richardson, 820 F. App'x 225 (4th Cir. 2020) (per curiam) (the petitioner bears the burden of showing deficient performance and prejudice under Strickland).

For these reasons, Davis's claims are procedurally defaulted and he has not demonstrated cause and actual prejudice to excuse the procedural default of his claims.

### III.    Conclusion

For the reasons stated herein, the court will grant the respondent's motion to dismiss and dismiss Davis's petition. Additionally, because Davis has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), or that the court's procedural rulings are debatable among reasonable jurists, see Slack v. McDaniel, 529 U.S. 473, 484 (2000), the court will deny a certificate of appealability. An appropriate order will be entered.

Entered: March 25, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.25
11:40:39 -04'00'

Michael F. Urbanski
Senior United States District Judge

12